UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAMDOUH HUSSEIN,

                          Plaintiff,

                - against -

HOTEL EMPLOYEES AND RESTAURANT
UNION, LOCAL 6, ET AL.,

                        Defendants.

**MEMORANDUM OPINION & ORDER**

**05 Civ. 5203 (LAP) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.    INTRODUCTION

Plaintiff Mamdouh Hussein filed an employment discrimination suit against the Hotel Employees and Restaurant Union, Local 6 ("Union"), and Peter Ward (collectively, "Defendants"), on June 1, 2005. Plaintiff claims that he was unjustly terminated from his position as a roll-call waiter for the Union. The suit was referred to the Court for settlement on March 21, 2007. A settlement conference was held on May 29, 2007, wherein both Parties agreed to settle the case for $36,000. Before the Court is a motion by Defendants to confirm an agreement to settle the case based on a recommendation by the Court. For the reasons that follow, the Court finds that a knowing and voluntary settlement was agreed to by the Parties on May 29, 2007, and that no material misrepresentations warrant voiding the agreement.

## II.    BACKGROUND

After the settlement conference, Plaintiff filed an objection and rejection of the settlement agreement on June 6, 2007. Plaintiff informed the Court through correspondence that he believed Defendants had misrepresented the average salaries for employees in similar job

positions used to evaluate the settlement agreement. Plaintiff asserted that the average salaries of employees in similar positions were significantly higher than Defendants had led both Plaintiff and the Court to believe. Defendants denied these claims, and filed a motion to confirm the settlement on September 11, 2007. The Court ordered a hearing to allow each side to present whatever evidence it had on salaries or any other alleged misrepresentations to the Court at the May 29, 2007 conference.

### III. DISCUSSION

At the hearing before the Court on October 12, 2007, Hussein indicated that the settlement was not valid because the earnings of roll-call workers given to him by Defendants underestimated the earning potential of roll-call workers. The Court interprets Hussein's claim to be that the settlement was secured by fraud and that he should be relieved from the agreement. His position is therefore analogous to an application under Rule 60, FED. R. CIV. P.

Under Rule 60(b)(3), "the court may relieve a party from a . . . proceeding . . . for fraud . . . misrepresentation, or other misconduct of an adverse party." FED. R. CIV. P. 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 176 (2d Cir. 2004) (citations omitted). In this case, Plaintiff asserts that by providing erroneous figures for the earnings of roll-call workers, Defendants misled the Court on the value of his claim.

At the hearing on October 12, 2007, the Court directed Defendants to submit data on the annual earnings of employees in similar roll-call positions as Plaintiff. On October 23, Defendants filed roll-call earnings for the years 2005 and 2006. (Defendants' October 23, 2007

2

Letter.) For these years, the average income was $15,122 and $14,586, respectively, with ranges of $530 to $23,709 in 2005 and $291 to $25,002 in 2006.

Defendants argue that these average earnings demonstrate that the settlement proposed by the Court, and accepted by the Parties, is fair. They point out that Plaintiff had limited earnings for the years 1998 to 2000 when he was terminated from roll-call, and that there is no evidence that he would have been a high earner. (*See* Affirmation of Barry N. Saltzman in Support of the Motion to Confirm Settlement, Ex. A: Hotel Trade Council Listing of Functions for Mamdouh Hussein, 1997-2000 (where Hussein worked twenty-seven functions in 1997, nine in 1998, eight in 1999, and six in 2000).) Plaintiff maintains that the settlement should be based on the maximum yearly earnings by roll-call workers. The Court finds that average earnings is a reasonable estimate of potential lost wages for settlement purposes in this case.

There is no evidence that Defendants misrepresented the earning potential of roll-call waiters, or that Plaintiff was prevented from fully and fairly presenting his case when the settlement agreement was made before the Court. The $36,000 settlement represents approximately two and one-half years of the average salary during the last two years. Moreover, it would be reasonable to expect some discount for the uncertainty of result at trial.

## IV. CONCLUSION

Plaintiff, having failed to demonstrate that the settlement amount was based on erroneous data, the Court finds no reason to void the agreement. Hussein is directed to sign the settlement agreement by November 30, 2007.

SO ORDERED this 20th day of November 2007
New York, New York

_Ronald L. Ellis_ (signature)

The Honorable Ronald L. Ellis
United States Magistrate Judge